SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
TELEPHONE (302) 255-0664

Vincent J.X. Hedrick, II, Esquire
Law Office of Beverly L. Bove
1020 West 18th Street, Suite 2
P.O. Box 1607
Wilmington, Delaware 19899

Susan L. Hauske, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, Delaware 19899

> RE: *Jonathan L. Skinner v. Donegal Mutual Insurance Company*
> C.A. No. N15C-02-136 RRC
>
> Submitted: January 11, 2016
> Decided: March 8, 2016
>
> On Defendant Donegal Mutual Insurance Company's
> Cross-Motion for Summary Judgment.
> **GRANTED**.
>
> On Plaintiff Jonathan L. Skinner's Cross-Motion for Summary Judgment.
> **DENIED**.

Dear Counsel:

The parties have filed cross-motions for summary judgment which raise the issue of whether Plaintiff Jonathan L. Skinner is entitled to underinsured motorist benefits for an insurance policy issued to a Delaware limited liability company of which Plaintiff's father is the principal.

On November 13, 2015, this Court held oral argument on the cross-motions for summary judgment.[1] This letter opinion grants Defendant Donegal Mutual Insurance Company's Cross-Motion for Summary Judgment and denies Plaintiff Jonathan L. Skinner's Cross-Motion for Summary Judgment.

---

[1] The transcript of the oral argument was received in chambers on January 11, 2016.

# I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

1. Plaintiff was involved in a motor vehicle accident on July 9, 2014[,] in New Castle County, Delaware.

2. At the time of the accident, Plaintiff was operating a 2000 Harley-Davidson XTB [m]otorcycle, registered to Brian A. Morgan.

3. The motorcycle was insured by Dairyland Insurance Company.

4. Plaintiff received liability limits of $15,000.00 from the alleged tortfeasor.

5. Plaintiff received $15,000[.00] in underinsured motorist benefits from Dairyland Insurance Company.

6. Plaintiff is seeking underinsured motorist benefits from Defendant through a commercial policy issued to Maintenance Tech, LLC.

7. Maintenance Tech, LLC[] is a Delaware limited liability company.

8. Plaintiff's father is the principal of Maintenance Tech, LLC.

9. The motorcycle involved in the collision was not a covered automobile under Defendant's policy.

10. Plaintiff's 1995 Ford Bronco was a covered automobile under Defendant's policy.


# II.  PARTIES' CONTENTIONS

The parties agree that there are no genuine issues of material fact at issue.[3]

### i.    Defendant's Contentions

Defendant asserts that the insurance coverage issued to Maintenance Tech, LLC is a commercial policy, not a household policy, and Plaintiff is not entitled to underinsured motorist ("UIM") benefits . Defendant contends the "insured" under

---

[2] All facts are taken verbatim from the Stipulated Facts submitted by the parties at the Court's request.

[3] Super. Ct. Civ. R. 56(h):

Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions.

2

the policy is Maintenance Tech, LLC and the coverage is personal only to it. Defendant argues that since Plaintiff was not occupying a covered vehicle at the time of the accident, Plaintiff is not insured under the terms of the policy. Therefore, Defendant claims Plaintiff is not entitled to the UIM coverage under Maintenance Tech, LLC's commercial policy.

### ii. Plaintiff's Contentions

Plaintiff asserts that UIM coverage is personal to the individual and not to the vehicle the he was driving at the time of the accident. Therefore, Plaintiff argues, it is irrelevant whether the motorcycle was covered by the Dairyland's or Defendant's policy, because the policy is personal to him as the driver of a covered vehicle. Plaintiff also contends that Donegal's attempt to tie the UIM coverage to the motorcycle he was riding and not him as an individual is tantamount to an "other motor vehicle" exclusion, which the Delaware Supreme Court has held violates public policy when limits are placed on the coverage about the manner in which the insured can be injured.

## III.    STANDARD OF REVIEW

A party is entitled to summary judgment where there are no genuine issues of material fact.[4] The moving party bears the burden of demonstrating that there is no genuine issue of material fact so that that party is entitled to judgment as a matter of law.[5] In evaluating the motion, the Court must view all factual inferences in a light most favorable to the non-moving party.[6] When both parties file motions to dismiss and neither party asserts that there is a genuine issue of material fact to the disposition of either motion, the Court will treat the motions as a stipulation that a decision on the record submitted with the motions is appropriate.[7]

## IV.    DISCUSSION

The essential question before this Court is whether the policy issued to Maintenance Tech, LLC is personal to Plaintiff because he was a driver of one of

---

[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.*
[6] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).
[7] Super. Ct. Civ. R. 56(h).

3

the vehicles covered under the policy although he was not driving a covered vehicle at the time of the accident.[8] The policy defined an insured party as follows:

B. Who Is An Insured

If the Named Insured is designated in the Declarations as: . . .

3. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone occupying a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

c. The Named Insured for "property damage" only.[9]

Under Delaware law, UIM coverage is personal to the insured and not to the vehicle that is covered under the policy. The Delaware Supreme Court has also held that it is violative of public policy to limit UIM coverage based on how the insured was injured.[10]

However, in *Bermel*, the Court examined a claim for UIM coverage for a plaintiff who was injured as a result of an automobile collision with an underinsured driver who was not a party to the appeal.[11] The underinsured

---

[8] Plaintiff also urges this Court to apply the doctrine of reasonable expectations under the policy. However, the Supreme Court has held that the doctrine of reasonable expectations is not reached unless a court finds the contract language ambiguous. *Compare Bermel v. Liberty Mut. Fire Ins. Co.*, 56 A.3d 1062, 1070 (Del. 2012) ("When ambiguity exists, language is typically construed against the drafter and in accordance with the reasonable expectations of the insured."), *and Hallowell v. State Farm Mut. Ins. Co.*, 443 A.2d 925, 927 (Del. Super. 1982) ("The Court will look to the reasonable expectations of the insured at the time when he entered into the contract if the terms thereof are ambiguous or conflicting."), *with Jimenez v. Westfield Ins.*, 2013 WL 5476606, at* 1 (Del. Super. Sept. 18, 2013) (applying the doctrine of reasonable expectations but without explicitly finding that the insurance policy in question was ambiguous).
The Delaware Supreme Court examined the nearly-exact same applicable language in a commercial auto insurance policy in *Bermel v. Liberty Mut. Fire Ins. Co.* and held that the applicable language there was unambiguous. 56 A.2d 1062, 1071 (Del. 2012) ("the [insurance] [p]olicy states that if the named insured is a corporation, as is the case here, then an 'insured' is anyone occupying a covered vehicle, at the time of the accident. This language unambiguously describes the parameters of who is covered by the [policy].").
[9] Ex. C to Def. Donegal's Mot. for Summ. J. at CA 21 10 03 06 at pg. 1-2.
[10] *Frank v. Horizon Assur. Co.*, 553 A.2d 1199, 1203 (Del. 1989).
[11] *Bermel*, 56 A.2d at 1065.

motorist's policy paid Bermel the liability limit, as did the policies that insured his motorcycle and his wife's auto insurance policy. However, Bermel was denied UIM coverage for a policy that named "'Siemens Corporation, Advanced Burner Technologies, Bridges Electric, and Siemens IT Solutions & Services'" ("Siemens") as the named insured.[12] Siemens was Bermel's employer and had assigned him a company car for his business and personal use.

The Supreme Court distinguished an earlier case, *Franks v. Horizon Assur. Co*,[13] where it had held that barring UIM coverage to named injured under a policy because the named insured was driving a vehicle insured under another policy at the time of the accident was against public policy.[14] The *Bermel* Court distinguished *Frank* by stating:

> Bermel is not the insurance consumer and did not purchase the Liberty insurance. As explained below, his biweekly paycheck deduction was for his use of the automobile and was not a contribution to insurance premiums. Because Bermel was not a named insured and has no expectation that the Liberty Policy extended to his personal use of other, privately-insured motor vehicles, the language of the Liberty Policy cannot be read as an impermissible other motor vehicle exclusion.[15]

There is no question that the named insured in the policy issued by Defendant was Maintenance Tech, LLC. Plaintiff is correct in his assertion that UIM coverage is generally personal to the insured and does not depend on the vehicle the insured was occupying when he was injured. However, under the reasoning of *Bermel* Plaintiff was not the named insured; the named insured was Maintenance Tech, LLC. Plaintiff, like the plaintiff in *Bermel*, was not the named insured. Defendant's policy does not thus extend here to his personal use of another's privately-insured motorcycle. Therefore, it was permissible for Defendant to deny coverage to Plaintiff, because neither Plaintiff, or any member of his family, was a named insured under the policy.

Finally, the language in Defendant's policy is not an impermissible "other motor vehicle" exclusion, as Plaintiff claims. The *Bermel* Court reviewed substantively-identical language and determined that the "[p]olicy cannot be read as an impermissible other motor vehicle exclusion."[16] Since Defendant's policy language is the same, it too cannot be read as an other motor vehicle exclusion.

---

[12] *Id.*

[13] 553 A.2d 1199 (Del. 1989).

[14] *Id.* at 1202.

[15] *Bermel*, 56 A.3d at 1068.

[16] *Id.*

5

# V.  CONCLUSION

*Bermel* is factually and legally binding on this Court and is not otherwise distinguishable.  The policy issued by Defendant does not entitle Plaintiff to UIM coverage because Plaintiff was not the named insured under the policy.

Defendant's Cross-Motion for Summary Judgment is **GRANTED**. Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard R. Cooch

RRC/jmf
cc:    Prothonotary

6